■ Louis Devito, Appellant, v J & J Towing, Inc., et al., Respondents. [794 NYS2d 74]—

In an action to recover damages for personal injuries, the

plaintiff appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated June 15, 2004, which granted the motion of the defendant J & J Towing, Inc., and John F. Wiesener, and the separate motion of the defendant Michael J. Piazza, to strike the complaint pursuant to CPLR 3126.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

A court may, inter alia, strike the "pleadings or parts thereof" (CPLR 3126 [3]) as a sanction against a party who "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed [upon notice]" (CPLR 3126). The nature and degree of the penalty to be imposed pursuant to CPLR 3126 is a matter of the Supreme Court's discretion (*see Espinal v City of New York*, 264 AD2d 806 [1999]; *Soto v City of Long Beach*, 197 AD2d 615 [1993]). The striking of a pleading is appropriate where there is a clear showing that the failure to comply with discovery demands is wilful, contumacious, or in bad faith (*see Rowell v Joyce*, 10 AD3d 601 [2004]; *Beneficial Mtge. Corp. v Lawrence*, 5 AD3d 339 [2004]; *cf. Harris v City of New York*, 211 AD2d 663 [1995]). Furthermore, willful and contumacious conduct can be inferred from a party's repeated failures to adequately respond to both discovery demands and court directives to comply with such demands, coupled with inadequate explanations for the failures to comply (*see Schwartz v Suebsanguan,* 15 AD3d 565 [2005]; *Rowell v Joyce, supra; Penafiel v Puretz*, 298 AD2d 446 [2002]).

In the case at bar, the defendants demonstrated the plaintiff's repeated failure to fully provide requested discovery, including an examination before trial, and his failure to comply with three court orders directing that discovery. In response thereto, the plaintiff did not offer any reasonable excuse for his defaults. Accordingly, the Supreme Court providently exercised its discretion in striking the complaint (*see Birch Hill Farm v Reed*, 272 AD2d 282 [2000]). Santucci, J.P., Krausman, Luciano and Fisher, JJ., concur.