■ PATRICK MAIORINO, Appellant, v CITY OF NEW YORK, Respondent. [834 NYS2d 272]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Kings County (Partnow, J.), dated September 28, 2005, as denied that branch of his motion which was to strike the defendant's answer pursuant to CPLR 3126 (3), and (2) so much of an order of the same court (Hinds-Radix, J.), dated February 8, 2006, as denied that branch of his subsequent motion which was to strike the defendant's answer pursuant to CPLR 3126 (3).

Ordered that the order dated February 8, 2006 is reversed insofar as appealed from, on the facts and in the exercise of discretion, the motion is granted, the answer is stricken, and the matter is remitted to the Supreme Court, Kings County, for an inquest on the issue of damages; and it is further,

Ordered that the appeal from the order dated September 28, 2005 is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

"[A] trial court is given broad discretion to oversee the discovery process" (*Castillo v Henry Schein, Inc.*, 259 AD2d 651, 652 [1999]). Although actions should be resolved on the merits wherever possible (*see Cruzatti v St. Mary's Hosp.*, 193 AD2d 579, 580 [1993]), a court may strike the "pleadings or parts thereof" (CPLR 3126 [3]) as a sanction against a party who "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126). While the nature and degree of the sanction to be imposed on a motion pursuant to CPLR 3126 is a matter of discretion with the motion court (*see Soto v City of Long Beach*, 197 AD2d 615, 616 [1993]; *Spira v Antoine*, 191 AD2d 219 [1993]), "striking an answer is inappropriate absent a clear showing that the failure to comply with discovery demands is willful [and] contumacious" (*Harris v City of New York*, 211 AD2d 663, 664 [1995]).

Here, the defendant's willful and contumacious conduct can be inferred from its repeated failures to comply with court orders directing disclosure (*see Espinal v City of New York*, 264 AD2d 806 [1999]; *see also Kryzhanovskaya v City of New York*, 31 AD3d 717, 718 [2006]; *Careccia v Metropolitan Suburban Bus Auth.*, 18 AD3d 793 [2005]; *Montgomery v City of New York*, 296 AD2d 386, 386-387 [2002]) and the inadequate excuses offered to justify the defaults (*see Porreco v Selway*, 225 AD2d 752, 753 [1996]). Accordingly, that branch of the plaintiff's subsequent motion which was to strike the answer should have been granted, and the matter is remitted to the Supreme Court, Kings County, for an inquest on the issue of damages. Rivera, J.P., Skelos, Angiolillo and Balkin, JJ., concur.