■ WILLIAM BOMZER, Appellant, v PARKE-DAVIS, DIVISION OF WARNER LAMBERT COMPANY et al., Respondents. [839 NYS2d 110]—

In an action, inter alia, to recover damages for wrongful termination of employment, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated April 6, 2006, as granted that branch of the defendants' motion which was to strike the amended complaint pursuant to CPLR 3126.

Ordered that the order is affirmed insofar as appealed from, with costs.

The nature and degree of the sanction to be imposed on a motion pursuant to CPLR 3126 is a matter of discretion with the motion court (*see Maiorino v City of New York*, 39 AD3d 601 [2007]; *Soto v City of Long Beach*, 197 AD2d 615 [1993]). However, the drastic remedy of striking a pleading pursuant to CPLR 3126 for failure to comply with court-ordered disclosure should be granted only where the conduct of the resisting party is shown to be willful and contumacious (*see Goldstein v Kingsbrook Jewish Med. Ctr.*, 39 AD3d 816 [2007]).

Here, the plaintiff's willful and contumacious conduct can be inferred from his repeated failures, over an extended period of time, to comply with court orders directing disclosure and the absence of any reasonable excuse for such failures (*see Maiorino v City of New York, supra*; *Casey v Casey*, 39 AD3d 579 [2007]; *Adamski v Schuyler Hosp., Inc.*, 36 AD3d 1198 [2007]; *Sowerby v Camarda*, 20 AD3d 411 [2005]; *Vanalst v City of New York*, 302 AD2d 515 [2003]). Accordingly, the Supreme Court providently struck the amended complaint. Miller, J.P., Mastro, Dillon and McCarthy, JJ., concur. [*See* 12 Misc 3d 1179(A), 2006 NY Slip Op 51318(U) (2006).]