■ Ryan Martin et al., Respondents, v City of New York et al., Appellants, et al., Defendants. [847 NYS2d 621]—

In an action to recover damages for personal injuries, etc., the defendants City of New York and the Board of Education of the City of New York appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated September 22, 2006, as granted that branch of the plaintiffs' motion which was pursuant to CPLR 3126 (3) to strike their answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

The nature and degree of the sanction to be imposed on a motion pursuant to CPLR 3126 is a matter of discretion with the motion court (*see Bomzer v Parke-Davis, Div. of Warner Lambert Co.,* 41 AD3d 522 [2007]; *Maiorino v City of New York,* 39 AD3d 601 [2007]; *Soto v City of Long Beach,* 197 AD2d 615 [1993]). The drastic remedy of striking a pleading pursuant to CPLR

3126 (3) for failure to comply with court-ordered disclosure should be granted only where the conduct of the resisting party is shown to be willful and contumacious (*see Bomzer v Parke-Davis, Div. of Warner Lambert Co.*, 41 AD3d 522 [2007]; *Goldstein v Kingsbrook Jewish Med. Ctr.*, 39 AD3d 816 [2007]; *cf. Harris v City of New York*, 211 AD2d 663, 664 [1995]).

Here, the appellants' willful and contumacious conduct can be inferred from their repeated failures, over an extended period of time, to comply with court orders directing disclosure and the absence of any reasonable excuse for these failures (*see Maiorino v City of New York*, 39 AD3d 601 [2007]; *Vanalst v City of New York*, 302 AD2d 515 [2003]; *Montgomery v City of New York*, 296 AD2d 386 [2002]). Accordingly, the Supreme Court providently exercised its discretion in striking the appellants' answer. Rivera, J.P., Krausman, Florio, Carni and Balkin, JJ., concur.