■ Donna R. Novick, Appellant, v Frank J. DeRosa, Respondent. [858 NYS2d 371]—

In an action, inter alia, to recover damages for civil rights violations pursuant to 42 USC § 1983, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), dated July 10, 2006, as granted that branch of the defendant's motion which was to strike and dismiss the complaint pursuant to CPLR 3126 for her failure to comply with discovery requests.

Ordered that the order is affirmed insofar as appealed from, with costs.

The nature and degree of the sanction to be imposed on a motion pursuant to CPLR 3126 is a matter of discretion with the motion court (*see Martin v City of New York*, 46 AD3d 635 [2007]; *Bomzer v Parke-Davis, Div. of Warner Lambert Co.*, 41 AD3d 522 [2007]). The drastic remedy of striking a pleading pursuant to CPLR 3126 (3) for failure to comply with court-ordered disclosure should be granted only where the conduct of the resisting party is shown to be willful and contumacious (*see Martin v City of New York*, 46 AD3d 635, 636 [2007]; *Bomzer v Parke-Davis, Div. of Warner Lambert Co.*, 41 AD3d 522 [2007]; *cf. Harris v City of New York*, 211 AD2d 663, 664 [1995]).

Here, the plaintiff's willful and contumacious conduct can be inferred from her failure, over an extended period of time, to provide substantive and complete responses to the defendant's requests for discovery and inspection, to comply with court orders directing such disclosure, and the absence of any reasonable excuse for these failures (*see Martin v City of New York*, 46 AD3d 635, 636 [2007]; *Maiorino v City of New York*, 39 AD3d 601 [2007]). Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the defendant's motion which was to strike and dismiss the complaint. Florio, J.P., Miller, Dillon and McCarthy, JJ., concur.