■ ANGELA RIZZUTI et al., Appellants, v MICHAEL LAUCELLA et al., Respondents. [871 NYS2d 202]—

The plaintiffs Angela Rizzuti and Joseph Rizzuti, owners and operators of a hair salon, allegedly found a flyer on the lamp post outside their business purporting to advertise a fund raiser at their salon to benefit the Pediatric AIDS Foundation, which contained a photograph of the plaintiff Angela Rizzuti and stated, inter alia: "My husband Joseph and I have been fighting our HIV illness now for eleven years."

The plaintiff commenced this action against Michael Laucella and Marie Laucella based upon allegations that the photograph on the flyer depicting the plaintiff Angela Rizzuti was cut out of a group photograph in which the defendant Marie Laucella also appeared and that a long-pending lawsuit between the plaintiff Joseph Rizzuti and the defendant Michael Laucella over a real estate transaction created "bad blood" between the families. The plaintiffs contended that they lost a significant amount of business due to the publication of this flyer and suffered emotional distress as well as financial losses. The defendants denied any connection to the offending flyer, and cross-claimed to recover damages for malicious prosecution.

In the course of discovery, the defendants demanded that the plaintiffs produce their tax returns and the appointment logs for their business. The plaintiffs refused to produce these items, claiming that the privacy of clients and their business secrets would be violated. They did not, however, move for a protective order, while the defendants moved to compel production of these items as well as to obtain long-overdue responses to interrogatories and their notice for discovery and inspection.

In an order dated February 7, 2007 the Supreme Court directed the plaintiffs to comply with the defendants' notices for discovery and inspection and demand for interrogatories or,

without further order, their action would be dismissed. The plaintiffs' counsel sent cursory responses to the defendant's discovery demands that were inadequate in content and unverified by either of the parties or by any person claiming knowledge of the facts asserted therein. As such, the purported responses may not be considered to be the sort of competent evidence that parties are required to disclose pursuant to due demand or notice (*see Warrington v Ryder Truck Rental, Inc.*, 35 AD3d 455 [2006]).

Additionally, the plaintiffs continued to refuse to produce tax returns or appointment logs, and finally, by letter of counsel dated March 2007, counsel for the first time asserted that a search for the appointment logs had been conducted and that they could not be located.

Upon the defendants' motion to dismiss the complaint, the court found that the plaintiffs' failure to produce these records constituted spoliation of evidence, as the plaintiffs had made previously-possible disclosure impossible. Furthermore, it held that the failure of the plaintiffs to move for a protective order pursuant to CPLR 3103 permitted a negative inference to be drawn that the evidence was discarded after service of the notice to produce was effected and the court order requiring its production was entered (*see Ferraro v Koncal Assoc.*, 97 AD2d 429 [1983]).

The nature and degree of the sanction to be imposed on a motion pursuant to CPLR 3126 is a matter of discretion with the motion court (*see Novick v DeRosa*, 51 AD3d 885 [2008]; *Martin v City of New York*, 46 AD3d 635 [2007]). The drastic remedy of dismissing a complaint or striking a pleading pursuant to CPLR 3126 (3) for failure to comply with court-ordered disclosure should be granted only where the conduct of the resisting party is shown to be willful and contumacious (*see Novick v DeRosa*, 51 AD3d 885 [2008]; *Martin v City of New York*, 46 AD3d 635 [2007]; *Bomzer v Parke-Davis, Div. of Warner Lambert Co.*, 41 AD3d 522 [2007]).

Here, the plaintiffs' willful and contumacious conduct can be inferred from their failure to provide responses to the defendants' discovery demands, failure to abide by court orders, unsupported, inconsistent excuses for their failure to produce documents, and the absence of any reasonable excuse for these failures (*see Martin v City of New York*, 46 AD3d 635 [2007]; *Maiorino v City of New York*, 39 AD3d 601 [2007]). Accordingly, the Supreme Court providently exercised its discretion in granting the defendants' motion to dismiss the complaint. Miller, J.P., Dickerson, Leventhal and Belen, JJ., concur.