■ EARL BYAM et al., Appellants, v CITY OF NEW YORK et al., Respondents. [890 NYS2d 612]—

The plaintiff Earl Byam was arrested and indicted for the homicide of Martin Sweeting, who was killed by gunshots on September 26, 1993. Byam eventually was acquitted of that charge. He and his wife, suing derivatively, thereafter commenced this action, inter alia, to recover damages for false ar-

rest and malicious prosecution. The plaintiffs have been endeavoring, unsuccessfully, to obtain certain discovery from the defendants, almost from the inception of the action.

After initially failing to appear for depositions by the date set by the Supreme Court in April 1997 for the completion of depositions, the defendant Carey Brenner, a detective significantly involved in the investigation of the Sweeting homicide, appeared and was deposed. In the course of that deposition, the detective referenced certain documents, and the plaintiffs served a notice to produce on November 14, 1997, seeking, inter alia, the homicide investigation file for Martin Sweeting (hereinafter the Sweeting file) from the defendant New York City Police Department (hereinafter the NYCPD). The defendants did not produce the Sweeting file in response to the notice. The defendants have not explained their failure to produce the Sweeting file in response to that initial request, nor have they specified what steps, if any, they took at that time to locate that file. About 4½ years after the Sweeting file was first requested, the Supreme Court so-ordered a stipulation on July 2, 2002 directing the defendants to produce the Sweeting file.

The defendants did not respond to the portion of the July 2002 order directing them to disclose the Sweeting file until February 2004 when they indicated that a search of the records on file with the NYCPD did not disclose any documents relating to a police interview of a particular witness. In January 2005 the defendants informed the court that the Sweeting file had been seized by the FBI and apparently had not been returned. That assertion was made by an assistant corporation counsel and repeated by another assistant in April 2006. On neither occasion was an affidavit submitted from an individual with knowledge of the seizure.

In response to a June 6, 2006 court order directing the defendants to provide detailed information about their search for the Sweeting file, the defendants submitted affidavits from two detectives, both of whom stated that their search of files was unsuccessful in disclosing the Sweeting file. One of the detectives stated that he had searched the files of the Queens Cold Case Squad, and offered the opinion that the Sweeting file may have been provided to the Office of the District Attorney at the time of trial and may still remain in the possession of that office.

On March 19, 2007 the Supreme Court issued another order, inter alia, directing the defendants to conduct, within 20 days of the order, a search for the Sweeting file, to specify the steps they were taking to locate the Sweeting file, and to provide an

affidavit, from an individual with knowledge, as to when the FBI seized that file. The defendants then provided several affidavits, including one of a police officer who averred that a search of the criminal records section disclosed four documents relating to the Sweeting homicide investigation, i.e., the arrest report, the UF-61 opening complaint report, a DD-5 relating to a report from the medical examiner, and a DD-5 complaint follow-up report, but the entire Sweeting file was not located. Two other officers averred, in their affidavits, that they were unable to find any records in any of the files of the City's Cold Case Squads in connection with the Sweeting file. In his affidavit, a detective averred that he last saw the Sweeting file in 1999 or 2000, that it was taken by an FBI task force, but he did not specifically know when or which individual had seized the Sweeting file, and that he had no recollection of the file ever being returned.

The plaintiffs have made three separate motions, including the one that is the subject of the order appealed from, to strike the defendants' answer based on the defendants' failure to disclose the Sweeting file. The defendants did not offer an explanation for the failure to offer the information regarding the FBI seizure of the file until some 4½ years after the file was seized. The defendants did not offer an explanation for their conflicting explanations that the file had been seized and that it likely had been provided to the Office of the District Attorney. There was no explanation for the absence of any documentation of the seizure of the file by the FBI, nor any assertion that steps had been taken to obtain a copy of the seized file from the FBI. The defendants did not explain their apparent piecemeal search for the Sweeting file that repeatedly turned up nothing until a 2007 search, almost 10 years after the initial notice to produce, disclosed four relevant documents. The defendants also did not offer any explanation for their failure to disclose the file in the two years between the time of the initial request and the approximate date of the seizure by the FBI.

" 'Generally, the trial court is afforded broad discretion in supervising disclosure and its determination will not be disturbed unless that discretion has been clearly abused . . . However, the Appellate Division is vested with its own discretion and corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse' " (*Matter of Astor*, 62 AD3d 867, 868 [2009], quoting *Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc.*, 11 NY3d 843, 845 [2008] [internal quotation marks and citations omitted]).

Actions should be resolved on the merits wherever possible (*see Maiorino v City of New York*, 39 AD3d 601 [2007]; *Cruzatti v St. Mary's Hosp.*, 193 AD2d 579, 580 [1993]). However, the striking of a pleading may be an appropriate sanction against a party who refuses to obey an order of disclosure or willfully fails to disclose information that the court has found should have been disclosed (*see Savin v Brooklyn Mar. Park Dev. Corp.*, 61 AD3d 954 [2009]). The sanction of striking a pleading should be imposed only where the failure to comply with court-ordered discovery is shown to be willful and contumacious (*see Rizzuti v Laucella*, 57 AD3d 755, 757 [2008]; *Martin v City of New York*, 46 AD3d 635, 636 [2007]).

Here, the defendants' willful and contumacious conduct can be inferred from their repeated failures, over an extended period of time, to comply with the discovery orders, together with the inadequate, inconsistent, and unsupported excuses for those failures to disclose (*see Savin v Brooklyn Mar. Park Dev. Corp.*, 61 AD3d at 955; *Rizzuti v Laucella*, 57 AD3d at 757; *Martin v City of New York*, 46 AD3d at 636; *Bomzer v Parke-Davis, Div. of Warner Lambert Co.*, 41 AD3d 522 [2007]; *Maiorino v City of New York*, 39 AD3d at 602; *Wiltos v 1230 Park Owners*, 1 AD3d 353, 354 [2003]; *Robinson v Pediatric Assoc. of Irwin Ave.*, 307 AD2d 1029, 1030 [2003]). Accordingly, the plaintiffs' motion to strike the answer should have been granted. We remit the matter to the Supreme Court, Queens County, for an inquest on the issue of damages.

The defendants' remaining contentions are without merit. Skelos, J.P., Angiolillo, Chambers and Lott, JJ., concur.