■ WARREN S. DANK, Appellant, v SEARS HOLDING MANAGEMENT CORPORATION et al., Respondents. [892 NYS2d 510]—

The nature and degree of the penalty to be imposed pursuant to CPLR 3126 lies within the sound discretion of the Supreme Court (see *Kihl v Pfeffer*, 94 NY2d 118, 122-123 [1999]). The striking of a pleading may be appropriate where there is a clear showing that the failure to comply with discovery demands is willful or contumacious (see *Howe v Jeremiah*, 51 AD3d 975 [2008]; *Devito v J & J Towing, Inc.*, 17 AD3d 624 [2005]). The willful or contumacious character of a party's conduct can be inferred from the party's repeated failure to respond to demands and/or to comply with discovery orders (see *Howe v Jeremiah*, 51 AD3d 975 [2008]; *McArthur v New York City Hous. Auth.*, 48 AD3d 431 [2008]). Contrary to the plaintiff's contentions, the defendants' conduct in responding to the plaintiff's interrogatories, while not always forthcoming, was not willful or contumacious because they did not repeatedly fail to respond to discovery demands.

Conduct during a litigation is frivolous and subject to sanction and/or the award of costs, including an attorney's fee, when: "(1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification, or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false" (22 NYCRR 130-1.1 [c]). To avoid sanctions, at the least, the conduct must have a good faith basis (see *Kamruddin v Desmond,* 293 AD2d 714 [2002]; see also 22 NYCRR 130-1.1a [b]; *Matter of Wecker v D'Ambrosio,* 6 AD3d 452, 453 [2004]; *Matter of Laing v Laing,* 261 AD2d 622 [1999]; *Levy v Carol Mgt. Corp.,* 260 AD2d 27 [1999]).

Here, the conduct of the defendants and their counsel in responding to the plaintiff's interrogatories did not warrant the imposition of costs, including an attorney's fee.

Moreover, the defendants' cross motion, inter alia, to compel the plaintiff to answer certain questions he had refused to answer at a deposition was not frivolous under the circumstances present here.

The plaintiff's remaining contentions are without merit. Dillon, J.P., Florio, Balkin and Leventhal, JJ., concur.