■ PIRRO GROUP, LLC, Respondent, v ONE POINT STREET, INC., Appellant, et al., Defendant. [896 NYS2d 152]—

In an action to recover damages for unjust enrichment and to recover in quantum meruit for services rendered, the defendant One Point Street, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (R. Bellantoni, J.), entered March 23, 2009, as granted that branch of the plaintiff's motion which was to strike its answer pursuant to CPLR 3126 (3).

Ordered that the order is affirmed insofar as appealed from, with costs.

The nature and degree of the sanction to be imposed on a motion pursuant to CPLR 3126 is within the discretion of the motion court (*see Novick v DeRosa*, 51 AD3d 885 [2008]; *Martin v City of New York*, 46 AD3d 635 [2007]; *Bomzer v Parke-Davis, Div. of Warner Lambert Co.*, 41 AD3d 522 [2007]). The drastic remedy of striking a pleading pursuant to CPLR 3126 (3) for failure to comply with court-ordered disclosure should be granted only where the conduct of the resisting party is shown to be willful and contumacious (*see Novick v DeRosa*, 51 AD3d at 885; *Suazo-Alvarez v Nordlaw, LLC*, 48 AD3d 670 [2008]; *McArthur v New York City Hous. Auth.*, 48 AD3d 431 [2008]).

Here, the appellant's willful and contumacious conduct can be inferred from its repeated failures, over an extended period of time, to comply with the plaintiff's request for documents and with the court's order and directives to comply with that request, together with the inconsistent and contradictory excuses for those failures to comply (*see Byam v City of New York*, 68 AD3d 798 [2009]; *Maiorino v City of New York*, 39 AD3d 601, 602 [2007]). Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was to strike the appellant's answer pursuant to CPLR 3126 (3). Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.