■ DORA H. QUINONES, Appellant, v LONG ISLAND JEWISH MEDICAL CENTER et al., Respondents. [933 NYS2d 907]—

The nature and degree of the sanction to be imposed on a motion pursuant to CPLR 3126 is within the broad discretion of the motion court (*see Zletz v Wetanson*, 67 NY2d 711, 713 [1986]; *Pirro Group, LLC v One Point St., Inc.*, 71 AD3d 654, 655 [2010]; *Novick v DeRosa*, 51 AD3d 885 [2008]; *Martin v City of New York*, 46 AD3d 635 [2007]; *Bomzer v Parke-Davis, Div. of Warner Lambert Co.*, 41 AD3d 522 [2007]). "The striking of a pleading may be appropriate where there is a clear showing that the failure to comply with discovery demands is willful and contumacious" (*McArthur v New York City Hous. Auth.*, 48 AD3d 431, 431 [2008]; *see Workman v Town of Southampton*, 69 AD3d 619, 620 [2010]; *Northfield Ins. Co. v Model Towing & Recovery*, 63 AD3d 808, 809 [2009]).

Here, the plaintiff's willful and contumacious conduct can be inferred from her repeated failures, despite the defendants' requests, to provide authorizations for trial and expert witness disclosure, and the absence of any reasonable excuse for these failures (*see Workman v Town of Southampton*, 69 AD3d at 620; *Novick v DeRosa*, 51 AD3d 885 [2008]; *Suazo-Alvarez v Nordlaw, LLC*, 48 AD3d 670 [2008]; *McArthur v New York City Hous. Auth.*, 48 AD3d 431 [2008]; *Horne v Swimquip, Inc.*, 36 AD3d 859, 861 [2007]; *Powell v Cipollaro*, 34 AD3d 551 [2006]; *Devito v J & J Towing, Inc.*, 17 AD3d 624, 625 [2005]). Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3126. Dickerson, J.P., Eng, Roman and Sgroi, JJ., concur.