■ Delia Tos, Appellant, v Jackson Heights Care Center, LLC, Respondent. [937 NYS2d 629]—

The Supreme Court did not improvidently exercise its discretion in granting the defendant's motion, in effect, pursuant to CPLR 3126 to strike the complaint (*see Kihl v Pfeffer*, 94 NY2d 118, 122-123 [1999]). A court may strike a pleading as a sanction if a party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126; *see Moray v City of Yonkers*, 76 AD3d 618 [2010]; *Mazza v Seneca*, 72 AD3d 754 [2010]; *Pirro Group, LLC v One Point St., Inc.*, 71 AD3d 654 [2010]). The willful and contumacious character of a party's conduct can be

inferred from the party's repeated failure to respond to demands or to comply with discovery orders, and the absence of any reasonable excuse for these failures (*see Pirro Group, LLC v One Point St., Inc.*, 71 AD3d 654 [2010]; *Workman v Town of Southampton*, 69 AD3d 619 [2010]; *Dank v Sears Holding Mgt. Corp.*, 69 AD3d 557 [2010]). In the instant case, for over 21 months, the plaintiff failed to comply with two court orders, a so-ordered stipulation, and two other stipulations, whereby she had been directed by the Supreme Court to provide responses to the defendant's discovery demands or had agreed to provide the disclosure. Moreover, the plaintiff offered no excuses for her failure to provide the disclosure. Under such circumstances, the Supreme Court did not improvidently exercise its discretion in granting the defendant's motion, in effect, pursuant to CPLR 3126 to strike the complaint.

Moreover, since the plaintiff failed to show that the defendant's failure to appear for a deposition was willful and contumacious, the Supreme Court did not improvidently exercise its discretion in denying her cross motion pursuant to CPLR 3126 to strike the answer. Dillon, J.P., Balkin, Belen and Austin, JJ., concur.