In an action to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated December 7, 2011, as denied that branch of their motion which was to compel the plaintiff to provide unredacted phone records, and granted that branch of the plaintiff’s cross motion which was pursuant to CPLR 3126 to preclude the defendants from presenting certain evidence at trial.
Ordered that the order is affirmed insofar as appealed from, with costs.
Although CPLR 3101 (a) is to be construed liberally so that there should be disclosure of any evidence that is material, necessary and arguably relevant (see Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406-407 [1968]; Lentz v Nic’s Gym Inc., 76 AD3d 998, 998 [2010]; Foster v Herbert Slepoy Corp., 74 AD3d 1139, 1140 [2010]; Shanahan v Bambino, 271 AD2d 519 [2000]), “ ‘unlimited disclosure is not required, and supervision of disclosure is generally left to the trial court’s broad discretion’ ” (Palermo Mason Constr. v Aark Holding Corp., 300 AD2d 460, 461 [2002], quoting Blagrove v Cox, 294 AD2d 526, 526 [2002]; see Arpino v F.J.F. & Sons Elec. Co., Inc., 102 AD3d 201, 209 [2012]; Spodek v Neiss, 70 AD3d 810, 810 [2010]; Reilly Green Mtn. Platform Tennis v Cortese, 59 AD3d 694, 695 [2009]; Cabellero v City of New York, 48 AD3d 727, 728 [2008]). The Supreme Court’s determination as to discovery issues will not be disturbed on appeal unless improvidently made (see Foster v Herbert Slepoy Corp., 74 AD3d at 1140; Casabona v Huntington Union Free School Dist., 29 AD3d 723, 723 [2006]). The test to be employed by the Supreme Court when determining discovery issues is one based on usefulness and reason (see Andón v 302-304 Mott St. Assoc., 94 NY2d 740, 746 [2000]; Allen v Crowell-Collier Publ. Co., 21 NY2d at 406). However, discovery demands which are unduly burdensome, lack specificity, or seek privileged and/or irrelevant information are improper and will be vacated (see Board of Mgrs. of the Park Regent Condominium v Park Regent Assoc., 78 AD3d 752, 753 [2010]; Bell v Cobble Hill Health Ctr., Inc., 22 AD3d 620, 621 [2005]; Lopez v Huntington Autohaus, 150 AD2d 351, 352 [1989]).
Here, the defendants failed to demonstrate that the unredacted telephone records of the plaintiff that they demanded were either material or relevant to the case, or would lead to *851 possibly relevant evidence. Thus, the Supreme Court providently exercised its discretion in denying that branch of the defendants’ motion which was to compel the plaintiff to produce those records.
“The failure to comply with deadlines and provide good-faith responses to discovery demands ‘impairs the efficient functioning of the courts and the adjudication of claims’ ” (Arpino v F.J.F. & Sons Elec. Co., Inc., 102 AD3d at 207, quoting Gibbs v St. Barnabas Hosp., 16 NY3d 74, 81 [2010]). The nature and degree of the penalty to be imposed pursuant to CPLR 3126 lies within the sound discretion of the trial court (see CPLR 3126 [3]; Kihl v Pfeffer, 94 NY2d 118, 122-123 [1999]; Bernal v Singh, 72 AD3d 716, 717 [2010]; Pirro Group, LLC v One Point St., Inc., 71 AD3d 654, 655 [2010]; Greene v Mullen, 70 AD3d 996, 996 [2010]; Dank v Sears Holding Mgt. Corp., 69 AD3d 557, 557 [2010]). Here, the plaintiff made a clear showing that the defendants failed to comply with the compliance conference order dated April 26, 2011, which required them to respond to certain requests made in the plaintiffs supplemental notice of demand for production of documents dated March 2, 2011, since the defendants did not provide meaningful responses to those demands (see CPLR 3126 [3]; Arpino v F.J.F. & Sons Elec. Co., Inc., 102 AD3d at 211; Pirro Group, LLC v One Point St., Inc., 71 AD3d at 655). Further, the defendants’ willful and contumacious conduct in failing to meaningfully respond to those demands was reasonably inferred from the defendants’ repeated failures to respond to the plaintiffs demands and the court’s compliance conference order without a reasonable excuse (see Arpino v F.J.F. & Sons Elec. Co., Inc., 102 AD3d at 211; Pirro Group, LLC v One Point St, Inc., 71 AD3d at 655; Dank v Sears Holding Mgt. Corp., 69 AD3d at 557; Workman v Town of Southampton, 69 AD3d 619, 620 [2010]). Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the plaintiffs cross motion which was pursuant to CPLR 3126 to preclude the defendants from presenting evidence at trial with respect to those items sought in the plaintiff s supplemental notice of demand for production of documents dated March 2, 2011, which were delineated in the plaintiffs “notice of preclusion” dated December 12, 2011. Dillon, J.P., Chambers, Austin and Hinds-Radix, JJ., concur.