In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), entered March 1, 2013, as granted that branch of the plaintiffs motion which was pursuant to CPLR 3126 (3) to strike the answer.
Ordered that the order is affirmed insofar as appealed from, with costs.
Actions should be resolved on the merits wherever possible (see Maiorino v City of New York, 39 AD3d 601, 601 [2007]). However, the striking of a pleading may be an appropriate sanction where there is a clear showing that the failure to comply with discovery demands is willful or contumacious (see Flynn v City of New York, 101 AD3d 803, 804 [2012]; Montemurro v Memorial Sloan-Kettering Cancer Ctr., 94 AD3d 1066 [2012]; Byam v City of New York, 68 AD3d 798, 801 [2009]). The willful or contumacious character of a party’s conduct can be inferred from the party’s repeated failure to respond to demands or to comply with discovery orders (see Silberstein v Maimonides Med. Ctr., 109 AD3d 812, 814 [2013]; Montemurro v Memorial Sloan-Kettering Cancer Ctr., 94 AD3d at 1066).
Here, the willful and contumacious conduct of the defendant can be inferred from its repeated failures, over an extended period of time and without an adequate explanation, to comply with the plaintiffs post-deposition demands for the disclosure of certain work orders and the production of certain witnesses, including a witness with knowledge of the facts, as well as to comply with several orders mandating such discovery (see Daniels v City of New York, 78 AD3d 883, 884 [2010]; Pirro Group, LLC v One Point St., Inc., 71 AD3d 654, 655 [2010]; Byam v City of New York, 68 AD3d at 801). Accordingly, the *642 Supreme Court providently exercised its discretion in granting that branch of the plaintiffs motion which was pursuant to CPLR 3126 (3) to strike the answer.
Rivera, J.P., Dickerson, Cohen, Hinds-Radix and Maltese, JJ., concur.