■ MICHAEL MIKHAILOV, Respondent, v ITZHAK KATAN, Appellant, et al., Defendants. [983 NYS2d 614]—

In an action, inter alia, to recover damages for breach of contract and fraud, the defendant Itzhak Katan appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Connolly, J.), entered April 10, 2012, as granted that branch of the plaintiff's motion which was to preclude him from introducing any documents pertaining to his personal finances that had been requested but not produced, to

the extent of precluding him from introducing any such documents that had not been produced as of April 9, 2012, and testimony relating to such documents.

Ordered that the order is affirmed insofar as appealed from, with costs.

Pursuant to CPLR 3126, a court may impose discovery sanctions, including the preclusion of evidence, where a party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed." "The nature and degree of a penalty to be imposed under CPLR 3126 for discovery violations is addressed to the court's discretion" (*Zakhidov v Boulevard Tenants Corp.*, 96 AD3d 737, 738 [2012]). Preclusion may "be appropriate where the offending party's lack of cooperation with disclosure was willful, deliberate, and contumacious" (*Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d 201, 210 [2012] [internal quotation marks omitted]).

Here, the plaintiff made a clear showing that the defendant Itzhak Katan repeatedly failed to comply with discovery requests pertaining to Katan's personal finances, although he substantially complied with other requests. Further, Katan's willful and contumacious conduct in failing to meaningfully respond to those demands may be reasonably inferred from the record. Contrary to Katan's contention, the record does not reflect that he was at all times ready, willing, and able to provide the financial documents subject to a confidentiality agreement. Instead, after the plaintiff initially requested the documents, Katan changed his position on numerous occasions with respect to whether he would provide them to the plaintiff under *any* circumstances, and requested a confidentiality agreement for the first time only after the plaintiff moved for discovery sanctions. Accordingly, the Supreme Court did not improvidently exercise its discretion in granting that branch of the plaintiff's motion which was to preclude Katan from introducing any documents pertaining to his personal finances that had been requested but not produced, to the extent of precluding him from introducing any such documents that had not been produced as of April 9, 2012, and testimony relating to such documents (*see Aha Sales, Inc. v Creative Bath Prods., Inc.*, 110 AD3d 1019, 1019-1020 [2013]). Mastro, J.P., Chambers, Austin and Miller, JJ., concur.