■ MICHAEL WOLF et al., Appellants, v FRANK J. FLOWERS et al., Respondents. [996 NYS2d 169]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Rosa, J.), dated April 8, 2014, as granted that branch of the defendants' motion which was pursuant to CPLR 3126 to dismiss the complaint for their failure to comply with court-ordered discovery.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in granting that branch of the defendants' motion which was pursuant to CPLR 3126 to dismiss the complaint for the plaintiffs' failure to comply with court-ordered discovery. The nature and degree of the sanction to be imposed on a motion pursuant to CPLR 3126 is within the broad discretion of the motion court (*see Dokaj v Ruxton Tower Ltd. Partnership*, 91 AD3d 812, 814 [2012]; *Quinones v Long Is. Jewish Med. Ctr.*, 90 AD3d 632, 632 [2011]; *Novick v DeRosa*, 51 AD3d 885, 885 [2008]). A court may strike a pleading as a sanction if a party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126 [3]; *see Tos v Jackson Hgts. Care Ctr., LLC*, 91 AD3d 943, 943-944 [2012]; *Moray v City of Yonkers*, 76 AD3d 618, 619

[2010]; *Mazza v Seneca,* 72 AD3d 754, 754 [2010]). The willful and contumacious character of a party's conduct can be inferred from either the repeated failure to respond to demands or comply with discovery orders, without demonstrating a reasonable excuse for these failures, or the failure to comply with court-ordered discovery over an extended period of time (*see Matone v Sycamore Realty Corp.,* 87 AD3d 1113, 1114 [2011]; *Friedman, Harfenist, Langer & Kraut v Rosenthal,* 79 AD3d 798, 800 [2010]; *Prappas v Papadatos,* 38 AD3d 871, 872 [2007]). Here, the defendants demonstrated that the plaintiffs failed to comply with court-ordered discovery over an extended period of time. Moreover, the willful and contumacious character of the plaintiffs' conduct also may reasonably be inferred from their failure to meaningfully and substantially comply with a discovery order dated January 8, 2014, and the absence of a reasonable excuse for the failure to adequately comply (*see Mikhailov v Katan,* 116 AD3d 744, 745 [2014]; *Aha Sales, Inc. v Creative Bath Prods., Inc.,* 110 AD3d 1019, 1020 [2013]; *H.R. Prince, Inc. v Elite Envtl. Sys., Inc.,* 107 AD3d 850, 851 [2013]).

The plaintiffs' remaining contentions are not properly before this Court. Dillon, J.P., Dickerson, Roman and Sgroi, JJ., concur.