■ Parker Waichman, LLP, Respondent, v Robert Laraia, Appellant. [16 NYS3d 774]—

In an action, inter alia, to recover damages for misappropriation of trade secrets, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Galasso, J.), entered September 12, 2014, as granted those branches of the plaintiff's motion which were pursuant to CPLR 3126 (3) to strike the defendant's answer upon his failure to comply with discovery orders and, in effect, for leave to enter a default judgment against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

"The nature and degree of the sanction to be imposed on a motion pursuant to CPLR 3126 is within the broad discretion of the motion court" (*Wolf v Flowers*, 122 AD3d 728, 728 [2014]; *see Novick v DeRosa*, 51 AD3d 885, 885 [2008]; *Martin v City of New York*, 46 AD3d 635, 635 [2007]). "A determination to impose sanctions for conduct which frustrates the disclosure scheme of the CPLR should not be disturbed absent an improvident exercise of discretion" (*Duncan v Hebb*, 47 AD3d 871, 871 [2008]; *see Dokaj v Ruxton Tower Ltd. Partnership*, 91 AD3d 812, 814 [2012]). The drastic remedy of striking a pleading pursuant to CPLR 3126 (3) is not appropriate absent a showing that the failure to comply with court-ordered disclosure, or to disclose information which the court finds ought to have been disclosed, was willful and contumacious (*see Wolf v Flowers*, 122 AD3d at 728-729; *Novick v DeRosa*, 51 AD3d 885, 885 [2008]; *Martin v City of New York*, 46 AD3d 635, 636 [2007]).

Here, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was pursuant to CPLR 3126 (3) to strike the defendant's answer upon his repeated and willful failure to provide substantive responses to the discovery demands of the plaintiff, even after the court issued orders directing him to do so, including a conditional preclusion order dated July 25, 2014. The defendant's failure to comply with the disclosure requests of the plaintiff, despite court conferences and hearings about such discovery, as well as court orders directing such disclosure, together with his contradictory excuses for his failure to comply, constitute willful and contumacious conduct (*see Wolf v Flowers*, 122 AD3d at 729; *Dokaj v Ruxton Tower Ltd. Partnership*, 91 AD3d at 814; *Pirro Group, LLC v One Point St., Inc.*, 71 AD3d 654, 655 [2010]; *Byam v City of New York*, 68 AD3d 798, 801 [2009]; *Novick v DeRosa*, 51 AD3d at 885).

The defendant's remaining contentions are either without merit or not properly before this Court.

Accordingly, the Supreme Court providently exercised its discretion in granting those branches of the plaintiff's motion which were pursuant to CPLR 3126 (3) to strike the defendant's answer and, in effect, for leave to enter a default judgment against the defendant. Mastro, J.P., Balkin, Chambers and Maltese, JJ., concur.