■ Darshan Shah, Respondent, v Oral Cancer Prevention International, Inc., et al., Appellants. [30 NYS3d 154]—

In an action, inter alia, for rescission of a stock purchase and to recover the proceeds of a loan in the amount of $250,000, the defendants appeal from a judgment of the Supreme Court, Nassau County (Bruno, J.), entered October 22, 2014, which, upon an order of the same court (Parga, J.) entered December 2, 2013, striking their answer for failure to comply with discovery orders, and after an inquest on the issue of damages, is in favor of the plaintiff and against them in the principal sum of $500,000.

Ordered that the judgment is affirmed, with costs.

According to the complaint, in 2007, the defendant Mark Rutenberg asked the plaintiff to become an investor in the defendant Oral Cancer Prevention International, Inc. (hereinafter OCPI), which allegedly held patents related to an oral cancer screening test known as a brush biopsy. The plaintiff invested $250,000 in OCPI, and he was issued 94,340 shares of preferred stock in OCPI. The complaint further alleged that on or about May 2, 2008, the plaintiff wired loan proceeds in the amount of $250,000 to OCPI. The plaintiff alleges that he agreed to these transactions based upon the defendants' false representations that OCPI had existing operations and infrastructure in India, and that the brush biopsy was covered by dental insurance companies such as Cigna and Aetna. In 2012, he commenced this action seeking (1) rescission of the stock purchase, (2) damages for fraud, (3) damages for breach of contract, and (4) restitution and/or recovery upon a theory of unjust enrichment.

In a preliminary conference order dated January 17, 2013, the parties were directed to complete discovery by July 17, 2013. By notice of motion dated July 18, 2013, the plaintiff

moved to strike the defendants' answer pursuant to CPLR 3126 for failure to comply with the preliminary conference order or to respond to any discovery demands, despite repeated requests. In his affirmation in opposition, the defendants' counsel stated, as an excuse, that his practice was inundated with emergency life-and-death matters relating to pro bono clients, and promised to comply with "virtually all" of the plaintiff's requests for documents by the return date of the motion.

In a supplemental affirmation, the plaintiff's counsel noted that, as of September 19, 2013, 29 days after the return date of the motion on August 21, 2013, no documents had been produced. On September 24, 2013, the parties entered into a stipulation whereby the plaintiff's motion was withdrawn, and the defendants agreed to produce the documents and respond to the plaintiff's interrogatories within 30 days.

When the defendants did not comply with the deadline set forth in the stipulation, the plaintiff's counsel notified the Supreme Court, which set a deadline of November 7, 2013, directed a conference on that date, and notified the defendants that it was considering the imposition of sanctions. On the morning of November 7, 2013, the defendants provided the plaintiff's counsel with certain documents, and the parties appeared in open court. The plaintiff's counsel stated that many of the requested documents were still missing. The court "dismiss [ed]" the defendants' answer and directed an inquest.

After an inquest, at which both the plaintiff and the defendant Rutenberg testified, the Supreme Court awarded the plaintiff the principal sum of $500,000, on the ground that "[a]s a result of [the defendants'] Answer being struck, the Court is required to accept [the] plaintiff's allegations in his Verified Complaint as being admitted by the defendants." The defendants appeal from a judgment in favor of the plaintiff and against them in the principal sum of $500,000. We affirm.

Initially, the plaintiff contends that the determination striking the defendants' answer is not reviewable as of right on appeal because the answer was stricken sua sponte, and not pursuant to a motion made on notice. This contention is without merit. CPLR 5701 (a) states, in pertinent part, that appeals may be taken as of right from "any final or interlocutory judgment" (CPLR 5701 [a] [1]), as well as "an order . . . where the motion it decided was made upon notice" (CPLR 5701 [a] [2]). Here the appeal is from a judgment—which clearly is appealable as of right. An appeal from a final judgment brings up for review any order which necessarily affects

the judgment, as well as rulings by the court (*see* CPLR 5501 [a]), and such orders are not limited to those which decided motions made on notice.

CPLR 3126 (3) authorizes the court to strike pleadings for refusal or willful failure to disclose information which "the court finds ought to have been disclosed." The drastic remedy of striking a pleading is not appropriate absent a clear showing that the failure to comply with discovery demands is willful and contumacious (*see Facey v Silver Express Cab Corp.*, 87 AD3d 1053 [2011]; *Argo v Queens Surface Corp.*, 58 AD3d 656, 656 [2009]). "Willful failure" may be established by repeated failure to comply with court orders directing disclosure, including court orders issued at conferences (*see Parker Waichman, LLP v Laraia*, 131 AD3d 1215 [2015]; *Wolf v Flowers*, 122 AD3d 728, 729 [2014]; *DiDomenico v C & S Aeromatik Supplies*, 252 AD2d 41, 52 [1998]).

Here, the defendants repeatedly failed to comply with disclosure, offering inadequate excuses and ultimately no excuses. " '[A] defendant whose answer is stricken as a result of a default admits all traversable allegations in the complaint, including the basic allegation of liability, but does not admit the plaintiff's conclusion as to damages' " (*Napolitano v Branks*, 128 AD2d 686, 687 [1987], quoting *Rokina Opt. Co. v Camera King*, 63 NY2d 728, 730 [1984]; *see Rawlings v Gillert*, 104 AD3d 929, 931 [2013]). The evidence adduced at the inquest established, without contradiction, that the plaintiff forwarded $500,000 in two installments of $250,000 to the defendants.

Accordingly, the Supreme Court properly entered judgment in favor of the plaintiff and against the defendants in the principal sum of $500,000. Rivera, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.