Smookler v Dicerbo (2018 NY Slip Op 07773)





Smookler v Dicerbo


2018 NY Slip Op 07773


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-02168
 (Index No. 5833/10)

[*1]William N. Smookler, appellant, 
v
Lynn M. Dicerbo, etc., respondent.


Jonathan Fisher, New York, NY, for appellant.
Lynn M. Dicerbo, Mechanicville, NY, respondent pro se.



DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Duchess County (James D. Pagones, J.), dated January 19, 2017. The order granted the defendant's motion pursuant to CPLR 3126 to strike the complaint for willful failure to provide discovery.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for breach of contract, seeking, inter alia, attorney's fees that the defendant allegedly agreed to pay him pursuant to the parties' settlement agreement following their divorce. The defendant asserted counterclaims sounding in, inter alia, breach of contract and breach of fiduciary duty, and served interrogatories on the plaintiff. The defendant subsequently moved on multiple occasions to strike the complaint pursuant to CPLR 3126. On two occasions, the Supreme Court directed the plaintiff to provide responses in writing under oath, with each response preceded by the question to which it responded, as required pursuant to CPLR 3133. By an order dated January 19, 2017, the court granted the defendant's motion pursuant to CPLR 3126(3) to strike the complaint for willful failure to provide discovery. The plaintiff appeals.
The nature and degree of the penalty to be imposed pursuant to CPLR 3126 against a party who refuses to comply with court-ordered discovery is a matter within the discretion of the court (see Quinones v Long Is. Jewish Med. Ctr., 90 AD3d 632, 632-633; Lotardo v Lotardo, 31 AD3d 504, 505). The striking of a pleading may be appropriate as a sanction where there is a clear showing that the failure to comply with discovery demands is willful and contumacious (see CPLR 3126[3]; Quinones v Long Is. Jewish Med. Ctr., 90 AD3d at 632-633; Devito v J & J Towing, Inc., 17 AD3d 624, 625). The willful or contumacious character of a party's conduct can be inferred from the party's repeated failure to respond to demands or to comply with discovery orders, and the absence of any reasonable excuse for these failures (see Montemurro v Memorial Sloan-Kettering Cancer Ctr., 94 AD3d 1066, 1066; Tos v Jackson Hgts. Care Ctr., LLC, 91 AD3d 943, 943-944).
Here, the Supreme Court providently exercised its discretion in granting the defendant's motion pursuant to CPLR 3126 to strike the complaint (see Montemurro v Memorial Sloan-Kettering Cancer Ctr., 94 AD3d at 1066-1067; Quinones v Long Is. Jewish Med. Ctr., 90 [*2]AD3d at 632-633; Howe v Jeremiah, 51 AD3d 975, 975-976; Devito v J & J Towing, Inc., 17 AD3d 624). The willful or contumacious character of the plaintiff's conduct could be properly inferred from his repeated failures to comply with the court's directives, coupled with his lack of an adequate explanation for the failure to comply (see Montemurro v Memorial Sloan-Kettering Cancer Ctr., 94 AD3d at 1066; Tos v Jackson Hgts. Care Ctr., LLC, 91 AD3d at 943-944; Quinones v Long Is. Jewish Med. Ctr., 90 AD3d at 632-633; Howe v Jeremiah, 51 AD3d at 975-976).
RIVERA, J.P., MALTESE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court