Broccoli v Kohl's Dept. Stores, Inc. (2019 NY Slip Op 02669)





Broccoli v Kohl's Dept. Stores, Inc.


2019 NY Slip Op 02669


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-08852
2016-12402
 (Index No. 605542/14)

[*1]Valerie Broccoli, appellant, 
v
Kohl's Department Stores, Inc., respondent, et al., defendants.


Christopher Graziano (Monteleone & Siegel, PLLC, Mineola, NY [Jarad L. Siegel], of counsel), for appellant.
Gruvman, Giordano & Glaws, LLP, New York, NY (Erica W. Fenstermacher and Charles T. Glaws of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (John M. Galasso, J.), entered July 27, 2016, and (2) an order of the same court entered October 21, 2016. The order entered July 27, 2016, granted the motion of the defendant Kohl's Department Stores, Inc., pursuant to CPLR 3126 to strike the complaint insofar as asserted against it. The order entered October 21, 2016, insofar as appealed from, upon renewal, adhered to the determination in the order entered July 27, 2016.
ORDERED that the appeal from the order entered July 27, 2016, is dismissed, as that order was superseded by the order entered October 21, 2016, made upon renewal; and it is further,
ORDERED that the order entered October 21, 2016, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant Kohl's Department Stores, Inc.
On May 28, 2014, the plaintiff allegedly was injured while shopping at premises owned by the defendant Kohl's Department Stores, Inc. (hereinafter Kohl's), when she was assaulted by security guards employed by Kohl's. In October 2014, the plaintiff commenced this action against Kohl's, among others. In May 2016, Kohl's moved pursuant to CPLR 3126 to strike the complaint insofar as asserted against it due to the plaintiff's failure to provide court-ordered discovery. In an order entered July 27, 2016, the Supreme Court granted Kohl's motion. Thereafter, the plaintiff moved for leave to renew and reargue her opposition to Kohl's motion. In an order entered October 21, 2016, the court granted renewal and, upon renewal, adhered to its prior determination. The plaintiff appeals.
"The nature and degree of the penalty to be imposed pursuant to CPLR 3126 against [*2]a party who refuses to comply with court-ordered discovery is a matter within the discretion of the court" (Smookler v Dicerbo, 166 AD3d 838, 839; see Pastore v Utilimaster Corp., 165 AD3d 685, 686; Quinones v Long Is. Jewish Med. Ctr., 90 AD3d 632). The striking of a pleading may be appropriate where there is a clear showing that the failure to comply with discovery demands or court-ordered discovery was the result of willful and contumacious conduct (see Ozeri v Ozeri, 135 AD3d 838, 839; McArthur v New York City Hous. Auth., 48 AD3d 431). "The willful and contumacious character of a party's conduct can be inferred from the party's repeated failure to respond to demands or to comply with discovery orders, and the absence of any reasonable excuse for these failures" (Tos v Jackson Hgts. Care Ctr., LLC, 91 AD3d 943, 943-944; see Smookler v Dicerbo, 166 AD3d at 839; Commisso v Orshan, 85 AD3d 845). Here, contrary to the plaintiff's contention, the willful and contumacious character of her conduct could properly be inferred from her repeated failures, without an adequate excuse, to respond to discovery demands and to comply with the Supreme Court's orders to provide outstanding authorizations (see Smookler v Dicerbo, 166 AD3d at 839-840; Montemurro v Memorial Sloan-Kettering Cancer Ctr., 94 AD3d 1066; Tos v Jackson Hgts. Care Ctr., LLC, 91 AD3d at 944).
The plaintiff's remaining contentions are without merit.
Accordingly, upon renewal, we agree with the Supreme Court's determination to adhere to its prior determination granting Kohl's motion pursuant to CPLR 3126 to strike the complaint insofar as asserted against it.
LEVENTHAL, J.P., ROMAN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court