Madonna Mgt. Servs., Inc. v R.S. Naghavi, M.D., PLLC (2019 NY Slip Op 03583)





Madonna Mgt. Servs., Inc. v R.S. Naghavi, M.D., PLLC


2019 NY Slip Op 03583


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-07857 
2018-00673
 (Index No. 16062/09)

[*1]Madonna Management Services, Inc., respondent,
v R.S. Naghavi, M.D., PLLC, etc., et al., appellants.


Hirschel Law Firm, P.C., Valley Stream, NY (Daniel Hirschel of counsel), for appellants.
The Odierno Law Firm, P.C., Melville, NY (Joseph J. Odierno and Russell D. Mauro of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover on an account stated, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered June 2, 2017, and (2) a judgment of the same court entered November 3, 2017. The order granted the plaintiff's motion pursuant to CPLR 3126 to strike the defendants' answer. The judgment, upon the order, is in favor of the plaintiff and against the defendants in the total sum of $112,805.39.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the intermediate order entered June 2, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In August 2009, the plaintiff commenced this action against the defendants, inter alia, to recover on an account stated. In January 2011, the defendants served an amended answer with counterclaims. On April 16, 2013, the defendants failed to appear at a conference scheduled by the Supreme Court in an order dated March 14, 2013, which provided that their failure to appear at that conference would result in their answer being stricken. The plaintiff's unopposed motion pursuant to CPLR 3215 for leave to enter judgment against the defendants for a sum certain was granted by order dated June 5, 2013, and a judgment was entered on November 27, 2013, in favor of the plaintiff and against the defendants in the total sum of $89,000.20. By order entered November 4, 2013, that branch of the defendants' motion which was pursuant to CPLR 5015(a)(1) to vacate the June 5, 2013, order and the judgment was denied. In a prior appeal, this Court, inter alia, reversed the judgment and vacated the June 5, 2013, order (see Madonna Mgt. Servs., Inc. v R.S. Naghavi, M.D. PLLC, 123 AD3d 986).
After the deposition of the individual defendant, the plaintiff served, inter alia, postdeposition discovery demands dated November 3, 2015, and December 17, 2015, respectively, which made specific references to the individual defendant's deposition testimony in seeking, inter alia, various information and material. When the defendants failed, among other things, to respond to the discovery demands, the plaintiff moved to strike the defendants' answer. In an order entered June 10, 2016, the Supreme Court, inter alia, denied that branch of the plaintiff's motion which was to strike the defendants' answer, on the condition that the defendants provide complete written responses to the plaintiff's December 17, 2015, postdeposition discovery demand within 30 days from the date of the order (hereinafter the conditional order). In September 2016, the defendants provided the plaintiff's attorney with two authorizations to obtain records maintained by the defendants' accountants for the years 2008 and 2009.
By notice of motion dated January 30, 2017, the plaintiff moved pursuant to CPLR 3126(3) to strike the defendants' answer based on their failure to comply with the postdeposition discovery demand and the conditional order. Thereafter, the defendants served a response dated January 31, 2017, to the postdeposition discovery demand, and in March 2017, served papers in opposition to the plaintiff's motion. The defendants' opposition papers included an affidavit from the individual defendant, an amended authorization to obtain records maintained by the defendants' accountants , and a third such authorization. In reply, the plaintiff sought to either preclude evidence or strike the answer. By order entered June 2, 2017, the Supreme Court granted the plaintiff's motion. A judgment was entered on November 3, 2017, in favor of the plaintiff and against the defendants in the total sum of $112,805.39. The defendants appeal.
Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court (see Williams v Suttle, 168 AD3d 792; Morales v Zherka, 140 AD3d 836, 836-837; Isaacs v Isaacs, 71 AD3d 951, 952). Absent an improvident exercise of discretion, the determination to impose sanctions for conduct that frustrates the purpose of the CPLR should not be disturbed (see Williams v Suttle, 168 AD3d 792; Morales v Zherka, 140 AD3d at 837; Parker Waichman, LLP v Laraia, 131 AD3d 1215, 1216)
If a party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed . . . the court may . . . prohibit[ ] the disobedient party . . . from producing in evidence designated things or items of testimony, or . . . strik[e] out pleadings" (CPLR 3126[2], [3]). Before a court invokes the drastic remedies of striking a pleading or precluding evidence based on the failure to provide court-ordered discovery, there must be a clear showing that the failure was willful and contumacious (see HSBC Bank USA, N.A. v Oscar, 161 AD3d 1055, 1057; Household Fin. Realty Corp. of N.Y. v Cioppa, 153 AD3d 908, 910; Zakhidov v Boulevard Tenants Corp., 96 AD3d 737, 739). The willful and contumacious character of a party's conduct can be inferred from either (1) the repeated failure to respond to demands or comply with court-ordered discovery, without a reasonable excuse for these failures, or (2) the failure to comply with court-ordered discovery over an extended period of time (see Maliah-Dupass v Dupass, 166 AD3d 873, 875; Candela v Kantor, 154 AD3d 733, 734; Pesce v Fernandez, 144 AD3d 653, 654).
Here, the willful and contumacious character of the defendants' conduct may be inferred from their failure to comply with the conditional order, and to adequately respond to the plaintiff's postdeposition discovery demands over an extended period of time. Accordingly, the Supreme Court providently exercised its discretion in striking the defendants' answer and awarding judgment to the plaintiff (see Williams v Suttle, 168 AD3d 792; Morales v Zherka, 140 AD3d at 837; Parker Waichman, LLP v Laraia, 131 AD3d at 1216).
AUSTIN, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court