LINA MONTEMURRO, Appellant, et al., Plaintiff, v MEMO-RIAL SLOAN-KETTERING CANCER CENTER et al., Respondents, et al., Defendants. [942 NYS2d 623]—

In an action to recover damages for medical malpractice, etc., the plaintiff Lina Montemurro appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated March 29, 2010, as granted those branches of the separate motions of the defendant Michael Melgar, and the defendants Memorial Sloan-Kettering Cancer Center, Memorial Hospital for Cancer and Allied Disease, and Manjit S. Bains, which were to strike the complaint insofar as asserted against each of them by her pursuant to CPLR 3126 for failure to comply with discovery orders.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The nature and degree of the penalty to be imposed pursuant to CPLR 3126 lies within the sound discretion of the trial court (*see Kihl v Pfeffer*, 94 NY2d 118 [1999]; *Friedman, Harfenist, Langer & Kraut v Rosenthal*, 79 AD3d 798, 800 [2010]). The striking of a pleading may be appropriate where there is a clear showing that the failure to comply with discovery demands is willful or contumacious (*see Commisso v Orshan*, 85 AD3d 845, 845 [2011]; *Friedman, Harfenist, Langer & Kraut v Rosenthal*, 79 AD3d at 800; *Byam v City of New York*, 68 AD3d 798, 800 [2009]). The willful or contumacious character of a party's conduct can be inferred from the party's repeated failure to respond to demands or to comply with discovery orders (*see Commisso v Orshan*, 85 AD3d at 845; *Giano v Ioannou*, 78 AD3d 768, 771 [2010]; *Northfield Ins. Co. v Model Towing & Recovery*, 63 AD3d 808, 809 [2009]; *McArthur v New York City Hous. Auth.*, 48 AD3d 431, 431 [2008]; *Bomzer v Parke-Davis, Div. of Warner Lambert Co.*, 41 AD3d 522 [2007]; *Maiorino v City of New York*, 39 AD3d 601, 602 [2007]; *Cafaro v Emergency Servs. Holding, Inc.*, 11 AD3d 496, 498 [2004]).

Contrary to the appellant's contentions, the willful or contumacious character of the conduct at issue could properly be inferred by the court from her repeated failures, without an adequate excuse, to comply with discovery demands and the court's discovery orders to provide certain disclosure (*see Quinones v Long Is. Jewish Med. Ctr.*, 90 AD3d 632 [2011]; *Bort v Perper*, 82 AD3d 692, 694 [2011]; *Howe v Jeremiah*, 51 AD3d 975, 975-976 [2008]; *cf. Hoi Wah Lai v Mack*, 89 AD3d 990

[2011]; *Batshever v Jafar*, 73 AD3d 1108 [2010], *cert denied* 565 US —, 132 S Ct 138 [2011]; *Hanlon v Rosenthal*, 7 AD3d 758, 759 [2004]). Accordingly, the Supreme Court properly granted those branches of the separate motions of the defendant Michael Melgar, and the defendants Memorial Sloan-Kettering Cancer Center, Memorial Hospital for Cancer and Allied Disease, and Manjit S. Bains, which were to strike the complaint insofar as asserted against each of them by the appellant pursuant to CPLR 3126.

The appellant's remaining contentions are not properly before this Court. Skelos, J.P., Dickerson, Austin and Miller, JJ., concur.