■ WILLIAM FLYNN, Appellant-Respondent, v CITY OF NEW YORK, Respondent-Appellant. [955 NYS2d 637]—

804

The appeal from so much of the order dated June 16, 2010, as denied that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the answer must be dismissed, as that portion of the order was superseded by so much of the order dated June 2, 2011, as was made upon renewal. The cross appeals from so much of the order dated June 16, 2010, as, sua sponte, directed the defendant to produce certain documentation and so much of the order dated June 2, 2011, as, sua sponte, directed the defendant to comply with an order of a court-appointed referee dated July 23, 2010, must be dismissed because no cross appeal lies as of right from these portions of the orders dated June 16, 2010, and June 2, 2011, which did not result from motions made on notice, and leave to cross-appeal has not been granted (see Cascardo v Stacchini, 100 AD3d 675, 676-677 [2d Dept 2012]; Faello v Faello, 45 AD3d 728 [2007]; Warren v Hyman, 19 AD3d 481, 481-482 [2005]).

" 'Generally, the trial court is afforded broad discretion in supervising disclosure and its determination will not be disturbed unless that discretion has been clearly abused . . . However, the Appellate Division is vested with its own discretion and corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse' " (Byam v City of New York, 68 AD3d 798, 800 [2009], quoting Matter of Astor, 62 AD3d 867, 868 [2009] [internal quotation marks omitted]).

Actions should be resolved on the merits wherever possible (see Maiorino v City of New York, 39 AD3d 601, 601 [2007]). However, the striking of a pleading may be an appropriate sanction where there is a clear showing that the failure to comply with discovery demands is willful or contumacious (see Montemurro v Memorial Sloan-Kettering Cancer Ctr., 94 AD3d 1066,

1066 [2012]; *Byam v City of New York*, 68 AD3d at 801). The willful or contumacious character of a party's conduct can be inferred from the party's repeated failure to respond to demands or to comply with discovery orders (*see Montemurro v Memorial Sloan-Kettering Cancer Ctr.*, 94 AD3d at 1066).

Here, the willful and contumacious conduct of the defendant, City of New York, can be inferred from its repeated failures—over an extended period of time and without an adequate excuse—to comply with the plaintiff's discovery demands for the disclosure of "all" of the documents in the possession of the New York City Fire Department (hereinafter the FDNY) relating to the FDNY's determination to provide its members with protective "bunker gear," including documents dated prior to 1990, as well as to comply with several discovery orders mandating such disclosure (*see Montemurro v Memorial Sloan-Kettering Cancer Ctr.*, 94 AD3d at 1066-1067; *Pirro Group, LLC v One Point St., Inc.*, 71 AD3d 654, 655 [2010]; *Byam v City of New York*, 68 AD3d at 801). Accordingly, upon renewal, that branch of the plaintiff's motion which was to strike the defendant's answer should have been granted. We, thus, remit the matter to the Supreme Court, Kings County, for an inquest on the issue of damages.

In view of our determination, we need not address the parties' remaining contentions. Skelos, J.P., Dickerson, Hall and Roman, JJ., concur.