In an action, inter alia, to recover damages for fraud, the plaintiff Kathleen Calabretta appeals (1) from certain portions of an order of the Supreme Court, Nassau County (Feinman, J.), dated February 18, 2011, (2) from certain portions of an order of the same court, also dated February 18, 2011, and (3), as limited by her brief, from so much of an order of the same court dated March 4, 2011, as denied her motion, made jointly with the plaintiff Lenore Malvasio, in effect, to treat the answer of the defendant Mark Matiash as a nullity pursuant to CPLR 3022, and granted that branch of the cross motion of the defendant Mark Matiash which was pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against him by the plaintiff Kathleen Calabretta, and the plaintiff Lenore Malvasio also appeals from the same three orders.
Ordered that the appeals by the plaintiff Lenore Malvasio are dismissed as abandoned for the failure to perfect the same in accordance with the rules of this Court (see 22 NYCRR 670.8 [c], [e]); and it is further,
Ordered that the appeals by the plaintiff Kathleen Calabretta from the two orders dated February 18, 2011, are dismissed as abandoned; and it is further,
Ordered that the order dated March 4, 2011, is affirmed insofar as appealed from by the plaintiff Kathleen Calabretta; and it is further,
*862 Ordered that one bill of costs is awarded to the defendant Mark Matiash, payable by the plaintiff Kathleen Calabretta.
The appeals by the plaintiff Kathleen Calabretta from the two orders dated February 18, 2011, must be dismissed as abandoned (see Sirma v Beach, 59 AD3d 611, 614 [2009]), as the brief filed by that plaintiff does not seek reversal or modification of any portion of those orders.
A party must “give[ ] notice with due diligence” that he or she intends to treat a pleading as a nullity pursuant to CPLR 3022 on the ground that the pleading was served with an insufficient verification (CPLR 3022; see Matter of Liberty Mut. Ins. Co. v Bohl, 262 AD2d 645, 647 [1999]). Here, the plaintiff Kathleen Calabretta waived any claim that the verification accompanying the answer of the defendant Mark Matiash was defective by waiting approximately eight months after the answer was filed to object to it (see CPLR 3022; Matter of Liberty Mut. Ins. Co. v Bohl, 262 AD2d at 647; Matter of Lentlie v Egan, 94 AD2d 839, 840 [1983], affd 61 NY2d 874 [1984]; see also Siegel, NY Prac § 235 at 407 [5th ed 2011]).
Moreover, under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in granting that branch of Matiash’s cross motion which was pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against him by Calabretta based on her willful failure to respond to Matiash’s discovery requests (see CPLR 3126 [3]; Montemurro v Memorial Sloan-Kettering Cancer Ctr., 94 AD3d 1066, 1066-1067 [2012]; Batshever v Jafar, 73 AD3d 1108, 1108-1109 [2010]). Skelos, J.P, Angiolillo, Roman and Cohen, JJ., concur.