In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Kings County (Ash, J.), dated February 15, 2012, which denied their motion (a) to vacate a prior order of the same court dated July 20, 2011, which, inter alia, granted the separate cross motions of the defendants Maspeth Supply, Inc., and Key span Energy Delivery, NYC, to dismiss the complaint insofar as asserted against them for failure to comply with discovery demands, and (b) to restore their cross motion for a protective order to the motion calendar, and (2), as limited by their brief, from so much of a judgment of the same court dated August 15, 2012, as, upon the order dated February 15, 2012, is in favor of the defendants and against the plaintiffs dismissing the complaint.
Ordered that the appeal from the order dated February 15, 2012, is dismissed; and it is further,
Ordered that the judgment is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the defendants.
The appeal from the intermediate order dated February 15, 2012, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CELR 5501 [a] [1]).
This case involves a discovery dispute between the parties, which resulted in the dismissal of the plaintiffs’ complaint to recover damages for personal injuries allegedly sustained by the plaintiff Sergey Shuba (hereinafter Sergey) on November 10, 2006. No note of issue was ever filed in this case.
In an order of the Supreme Court dated January 6, 2010, entered “on consent,” the plaintiffs were directed, inter alia, to provide certain medical authorizations permitting the defendants to obtain medical records involving Sergey’s medical treatment for injuries he allegedly sustained in automobile accidents which occurred on April 24, 2000, November 2, 2000, July 25, 2001, April 26, 2002, and July 16, 2009. In May 2010, the *878 plaintiffs’ counsel notified the defendants that he could not provide those authorizations because one of the hospitals which treated Sergey was closed, and Sergey could not recall the other places where he sought treatment. Thereafter, the case was marked “disposed.”
The plaintiffs hired new attorneys, who moved to restore the action to the active calendar. The defendants Keyspan Energy Delivery, NYC (hereinafter Keyspan), and Maspeth Supply, Inc. (hereinafter Maspeth), separately cross-moved, inter alia, to dismiss the complaint insofar as asserted against them. The defendant City of New York joined in those motions, but its motion papers were filed under the wrong index number, and, apparently, those motion papers were never submitted to the court. While the motion and cross motions were pending, the plaintiffs discharged their new attorneys, and hired yet another new attorney, who cross-moved for a protective order with respect to the authorizations. In an order dated July 20, 2011, the plaintiffs’ motion and cross motion were marked off the motion calendar because the plaintiffs’ counsel failed to appear, the cross motions of the defendants Maspeth and Keyspan were granted, and the Supreme Court directed dismissal of the action against all the defendants.
The plaintiffs then moved to vacate their “default,” and to restore their cross motion for a protective order to the motion calendar. In the order appealed from dated February 15, 2012, the Supreme Court determined that the order dated July 20, 2011, was not entered upon the plaintiffs’ default, and otherwise denied the motion. Judgment was entered upon the order dated February 15, 2012, in favor of the defendants.
Contrary to the plaintiffs’ contention, the order dated July 20, 2011, was not entered upon their default. The plaintiffs’ motion to restore the action to the active calendar and cross motion for a protective order were marked off the motion calendar which, as the plaintiffs acknowledged in their reply affirmation, was an alternative to finding the plaintiffs in default. The Supreme Court noted in the order that the papers before it included document numbers 5, 6, 8, and 9, which included the opposition to the cross motions to dismiss the complaint.
Further, the complaint was properly dismissed. “The willful and contumacious character of a party’s conduct can be inferred from the party’s repeated failure to comply with discovery demands or orders without a reasonable excuse” (Commisso v Orshan, 85 AD3d 845, 845 [2011]; see Roug Kang Wang v Chien-Tsang Lin, 94 AD3d 850, 852 [2012]). Here, the plaintiffs’ inadequate explanations for their failure to comply with the order *879 dated January 6, 2010, for an unreasonable period of time justified dismissal (see Estaba v Quow, 101 AD3d 940, 941 [2012]).
The plaintiffs’ remaining contentions are either without merit or not properly before this Court. Dillon, J.P., Chambers, Hall and Hinds-Radix, JJ., concur.