■ SHIMON SILBERSTEIN, an Infant, by His Father and Natural Guardian, JOSEPH SILBERSTEIN, et al., Appellants, v MAIMONIDES MEDICAL CENTER et al., Respondents. [971 NYS2d 167]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal (1), as limited by their brief,

from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated January 4, 2011, as granted the motion of the defendants Rivka Stein, Kindercare Pediatrics, LLP, Jeffrey Marc Dick, and Jay R. Begun, and the cross motion of the defendants Maimonides Medical Center, Michael Tosi, and Matthew Tito, pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against each of them, and (2) a judgment of the same court dated March 28, 2011, which, upon the order, is in favor of the defendants and against them, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The infant plaintiff, by his parents, and his parents suing derivatively, commenced this action to recover damages allegedly sustained as a result of the defendants' malpractice regarding the treatment of the infant plaintiff's herpes infection. In a decision and order on a prior appeal, this Court concluded that the Supreme Court providently exercised its discretion in directing the plaintiffs to disclose the identity of the mohel who performed the circumcision, which included the ritual of metzitzah b'peh, on the infant plaintiff, "as the identity of the mohel was material and necessary to the defense of the action" (*Silberstein v Maimonides Med. Ctr.*, 77 AD3d 910, 910 [2010]).

Subsequently, the plaintiffs continued to refuse to disclose the mohel's identity as directed by the Supreme Court, and the infant plaintiff's parents invoked their privilege against self-incrimination pursuant to the Fifth Amendment to the United States Constitution. The Supreme Court then granted the motion of the defendants Rivka Stein, Kindercare Pediatrics, LLP, Jeffrey Marc Dick, and Jay R. Begun, and the cross motion of the defendants Maimonides Medical Center, Michael Tosi, and Matthew Tito, pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against each of them. In its order granting the motions, the Supreme Court noted that the privilege against self-incrimination was to be used solely as a shield and not as a sword by the plaintiffs to thwart discovery of information which

was deemed to be material and necessary to the defense of this action. Thereafter, judgment was entered in favor of the defendants and against the plaintiffs, dismissing the complaint.

"The Supreme Court has broad discretion in making determinations concerning matters of disclosure, including the nature and degree of the penalty to be imposed under CPLR 3126" (*Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d 201, 209 [2012] [citations omitted]; *see Kihl v Pfeffer*, 94 NY2d 118, 122-123 [1999]; *Friedman, Harfenist, Langer & Kraut v Rosenthal*, 79 AD3d 798, 800 [2010]). "The striking of a pleading may be appropriate where there is a clear showing that the failure to comply with discovery demands is willful or contumacious" (*Montemurro v Memorial Sloan-Kettering Cancer Ctr.*, 94 AD3d 1066, 1066 [2012]; *see Commisso v Orshan*, 85 AD3d 845, 845 [2011]; *Byam v City of New York*, 68 AD3d 798, 800 [2009]). Further, the court can infer that a party is acting willfully and contumaciously through his or her repeated failure to respond to demands or to comply with discovery orders (*see Flynn v City of New York*, 101 AD3d 803, 805 [2012]; *Montemurro v Memorial Sloan-Kettering Cancer Ctr.*, 94 AD3d at 1066; *Commisso v Orshan*, 85 AD3d at 845).

Here, the Supreme Court providently exercised its discretion in dismissing the complaint, as there was a clear showing that the plaintiffs' failure to comply with the defendants' demand for the mohel's identity and subsequent court orders directing the disclosure of this information, without a reasonable excuse, was willful and contumacious (*see Cherubin Antiques, Inc. v Matiash*, 106 AD3d 861, 862 [2013]; *Montemurro v Memorial Sloan-Kettering Cancer Ctr.*, 94 AD3d at 1066; *Vanalst v City of New York*, 302 AD2d 515, 516 [2003]; *see also Flynn v City of New York*, 101 AD3d at 805). Contrary to the plaintiffs' contention, the Supreme Court providently exercised its discretion in dismissing the entire complaint rather than only dismissing the parents' derivative causes of action (*see Lichtenstein v Fantastic Mdse. Corp.*, 46 AD3d 762, 764 [2007]; *Yona v Beth Israel Med. Ctr.*, 285 AD2d 460, 461 [2001]; *Stahl v Rhee*, 220 AD2d 39, 44 [1996]). Rivera, J.P., Skelos, Chambers and Austin, JJ., concur.