■ Florian Bruno et al., Respondents, v Flip Cab Corp. et al., Appellants. [41 NYS3d 279]—

In an action to recover damages for personal injuries, etc., the defendants Flip Cab Corp. and Soud Reza Bhuiyan appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dufficy, J.), dated October 29, 2014, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff Florian Bruno did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. The defendant David Ingram separately appeals, as limited by his brief, from so much of the same order as denied that branch of his motion which was for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff Florian Bruno did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and granted that branch of his motion which was pursuant to

CPLR 3126 to dismiss the derivative cause of action for loss of services insofar as asserted against him only to the extent of precluding the plaintiff Jill M. Livoti from offering testimony at trial if she did not appear for a deposition within 30 days.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting that branch of the motion of the defendant David Ingram which was pursuant to CPLR 3126 to dismiss the derivative cause of action for loss of services insofar as asserted against him only to the extent of precluding the plaintiff Jill M. Livoti from offering testimony at trial if she did not appear for a deposition within 30 days, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs payable by the defendants Flip Cab Corp. and Soud Reza Bhuiyan.

The defendants Flip Cab Corp. and Soud Reza Bhuiyan and the defendant David Ingram respectively failed to meet their prima facie burdens of demonstrating that the plaintiff Florian Bruno (hereinafter the injured plaintiff) did not sustain a serious injury to his lumbar spine within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). Although the injured plaintiff alleged in the amended bill of particulars that he sustained a serious injury to his lumbar spine, the defendants failed to submit any medical evidence addressing that alleged injury (*see generally Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]). Since the defendants did not sustain their prima facie burdens, it is unnecessary to determine whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Che Hong Kim v Kossoff*, 90 AD3d at 969).

However, the Supreme Court improvidently exercised its discretion in granting that unopposed branch of Ingram's motion which was pursuant to CPLR 3126 to dismiss the derivative cause of action for loss of services insofar as asserted against him only to the extent of precluding the plaintiff Jill M. Livoti from offering testimony at trial if she did not appear for a deposition within 30 days. "The drastic remedy of striking a pleading is warranted where the party's failure to comply with court-ordered discovery is willful and contumacious" (*Commisso v Orshan*, 85 AD3d 845, 845-846 [2011]; *see Montemurro v Memorial Sloan-Kettering Cancer Ctr.*, 94 AD3d 1066 [2012]).

Here, Livoti twice failed to appear for depositions in violation of two court orders and never responded to a demand for a bill of particulars. Livoti's failures to comply with court-ordered discovery coupled with her failure to provide any excuse therefor supports an inference that her conduct was willful and contumacious (*see Apladenaki v Greenpoint Mtge. Funding, Inc.*, 117 AD3d 976, 977 [2014]; *Commisso v Orshan*, 85 AD3d at 845). Under the circumstances, Livoti's derivative cause of action for loss of services should have been dismissed (*see Apladenaki v Greenpoint Mtge. Funding, Inc.*, 117 AD3d at 977; *Montemurro v Memorial Sloan-Kettering Cancer Ctr.*, 94 AD3d at 1066; *Commisso v Orshan*, 85 AD3d at 845). Chambers, J.P., Austin, Sgroi and Cohen, JJ., concur.