# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**160**
**CA 15-01971**
PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

JIMMIE LARKE, III, AND JUSTIN LARKE,
PLAINTIFFS-APPELLANTS,

V                                        MEMORANDUM AND ORDER

TINA MCCARY MOORE, INDIVIDUALLY AND AS EXECUTRIX
OF THE ESTATE OF MELVIN E. MOORE, DECEASED, ING
RELIASTAR LIFE INSURANCE COMPANY, AND ING U.S. INC.,
ALSO KNOWN AS VOGA FINANCIAL, INC.,
DEFENDANTS-RESPONDENTS.
(APPEAL NO. 1.)

---

JOY A. KENDRICK, BUFFALO, FOR PLAINTIFFS-APPELLANTS.

LITCHFIELD CAVO, LLP, NEW YORK CITY (MICHAEL K. DVORKIN OF COUNSEL),
FOR DEFENDANTS-RESPONDENTS ING RELIASTAR LIFE INSURANCE COMPANY, AND
ING U.S. INC., ALSO KNOWN AS VOGA FINANCIAL, INC.

---

Appeal from an amended order of the Supreme Court, Erie County (Shirley Troutman, J.), entered January 20, 2015. The amended order, among other things, granted the motion to dismiss of defendant Tina McCary Moore, individually and as executrix of the estate of Melvin E. Moore, deceased, and dismissed the complaint against all defendants.

It is hereby ORDERED that the amended order so appealed from is unanimously modified on the law by reinstating the complaint against defendant ReliaStar Life Insurance Company, incorrectly sued herein as ING ReliaStar Life Insurance Company, and defendant VOYA Financial, Inc., incorrectly sued herein as ING U.S. Inc., also known as Voga Financial, Inc., and as modified the amended order is affirmed without costs.

Memorandum: In appeal No. 1, plaintiffs appeal from an amended order that, among other things, granted the motion to dismiss of defendant Tina McCary Moore, individually and as executrix of the estate of Melvin E. Moore (decedent), and dismissed the complaint against all defendants. In appeal No. 2, plaintiffs appeal from an amended order denying their motion for leave to renew and/or reargue their opposition to Moore's motion to dismiss.

As a preliminary matter we note that, insofar as the amended order in appeal No. 2 denied the motion for leave to reargue, it is not appealable, and we therefore dismiss the appeal to that extent on that ground (*see Gaiter v City of Buffalo Bd. of Educ.*, 142 AD3d 1349,

1350; *Indus PVR LLC v MAA-Sharda, Inc.*, 140 AD3d 1666, 1667, *lv dismissed in part and denied in part* 28 NY3d 1059). With respect to that part of plaintiffs' motion seeking leave to renew, we affirm the amended order in appeal No. 2. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]; *see Doe v North Tonawanda Cent. Sch. Dist.*, 91 AD3d 1283, 1284). Here, Supreme Court properly determined that plaintiffs " 'failed to offer a valid excuse for failing to submit the new material' " in opposition to Moore's original motion to dismiss (*Jones v City of Buffalo Sch. Dist.*, 94 AD3d 1479, 1479; *see Linden v Moskowitz*, 294 AD2d 114, 116, *lv denied* 99 NY2d 505).

With respect to appeal No. 1, we conclude that the court properly dismissed the complaint as against Moore. It is well established that "a fraud-based action must be commenced within six years of the fraud or within two years from the time the plaintiff[s] discovered the fraud or 'could with reasonable diligence have discovered it' " (*Sargiss v Magarelli*, 12 NY3d 527, 532, quoting CPLR 213 [8]; *see also* CPLR 203 [g]). In their complaint, plaintiffs alleged that, during his life, decedent, plaintiffs' uncle, had named them as beneficiaries on a life insurance policy issued by defendant ReliaStar Life Insurance Company (RLIC), incorrectly sued herein as ING ReliaStar Life Insurance Company. Plaintiffs further alleged that "through fraud, undue influence, and/or coercion shortly before [decedent] passed away on April 21, 2008, while he was physically and mentally incapacitated as a result of terminal cancer[,]" Moore "procured" a change in the policy, i.e., she became the beneficiary thereof, replacing plaintiffs. Thus, according to plaintiffs' complaint, any alleged fraud by Moore occurred prior to decedent's death on April 21, 2008. Plaintiffs, however, did not commence the action until six years later, on April 21, 2014, i.e., more than six years from the date of the alleged fraud. Plaintiffs were therefore required to show that their fraud cause of action was timely pursuant to the two-year discovery exception (*see Brooks v AXA Advisors, LLC* [appeal No. 2], 104 AD3d 1178, 1180, *lv denied* 21 NY3d 858; *Vilsack v Meyer*, 96 AD3d 827, 828). Contrary to plaintiffs' contention, the "record supports the court's determination that plaintiffs possessed knowledge of facts from which they reasonably could have discovered the alleged fraud soon after it occurred, and in any event more than two years prior to the commencement of the action" (*Brooks*, 104 AD3d at 1180; *see Giarratano v Silver*, 46 AD3d 1053, 1056; *Prestandrea v Stein*, 262 AD2d 621, 622-623).

Plaintiffs nevertheless contend that, because they rejected Moore's answer and treated it as a nullity (*see* CPLR 3022), they were entitled to a default judgment against Moore and Moore's motion to dismiss pursuant to CPLR 3211 (a) (5) was precluded by CPLR 3211 (e). We reject that contention. Moore timely served an answer and counterclaim in which she raised the affirmative defense that plaintiffs did not commence their action within the applicable statute of limitations. Although Moore's answer did not contain the requisite

verification (*see* CPLR 3020 [b] [1]), plaintiffs in this case "proceeded on the theory that [they] had to prove [their] claim[s] as if [they] stood controverted.  [They] did not seek to proceed as if upon a default" (*Matter of McDonald [Luppino]*, 100 AD3d 1349, 1350 [internal quotation marks omitted]).  Furthermore, plaintiffs waived any objection to the lack of verification by waiting nearly two months to reject the answer (*see Rozz v Law Offs. of Saul Kobrick, P.C.*, 134 AD3d 920, 921-922; *Cherubin Antiques, Inc. v Matiash*, 106 AD3d 861, 862; *McDonald*, 100 AD3d at 1350).  We therefore conclude that plaintiffs failed to act with "due diligence" as required by CPLR 3022.

We agree with plaintiffs, however, that the court erred in sua sponte dismissing the complaint against RLIC and its parent company, defendant VOYA Financial, Inc. (VOYA), incorrectly sued herein as ING U.S. Inc., also known as Voga Financial, Inc.  We therefore modify the amended order accordingly.  "[I]n the absence of a CPLR 3211 (a) motion by [RLIC and VOYA], the court was without authority to search the record and dismiss any claims against [them]" (*Torrance Constr., Inc. v Jaques*, 127 AD3d 1261, 1263; *see Mann v Rusk*, 14 AD3d 909, 910; *see also Mercedes-Benz Credit Corp. v Dintino*, 198 AD2d 901, 902).

We have reviewed plaintiffs' remaining contentions and conclude that they are without merit.

Entered:  May 5, 2017                         Frances E. Cafarell
                                              Clerk of the Court