Westervelt v Westervelt (2018 NY Slip Op 05519)





Westervelt v Westervelt


2018 NY Slip Op 05519


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-10110
 (Index No. 3706/14)

[*1]Kevin Westervelt, appellant, 
v
Edward Westervelt, respondent.


William W. Frame, Middletown, NY, for appellant.
George J. Calcagnini, Somers, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for defamation and prima facie tort, the plaintiff appeals from an order of the Supreme Court, Dutchess County (James V. Brands, J.), dated July 26, 2016. The order granted that branch of the defendant's motion which was pursuant to CPLR 3126 to dismiss the complaint based on the plaintiff's failure to comply with court-ordered discovery.
ORDERED that the order is affirmed, with costs.
In August 2014, the plaintiff commenced this action against the defendant, inter alia, to recover damages for defamation and prima facie tort. Issue was joined in September 2014 and, at or around that time, the defendant served the plaintiff with a demand for a verified bill of particulars and various discovery demands and notices. Nearly one year later, the plaintiff served a verified bill of particulars and a response to a notice for discovery and inspection. The defendant objected to the verified bill of particulars and the response to the notice for discovery and inspection as deficient and lacking in substance. The plaintiff never responded in any manner to the other discovery demands.
At a conference on January 8, 2016, the Supreme Court directed the plaintiff to produce any outstanding discovery within 30 days. Thereafter, at a conference on February 24, 2016, the court directed, inter alia, that the plaintiff particularize his damages regarding economic loss within 30 days or the complaint would be dismissed. In May 2016, the defendant moved for summary judgment dismissing the complaint or, alternatively, pursuant to CPLR 3126 to dismiss the complaint based on the plaintiff's failure to comply with court-ordered discovery. The court granted that branch of the motion which was pursuant to CPLR 3126 to dismiss the complaint. The plaintiff appeals.
"The nature and degree of the sanction to be imposed on a motion pursuant to CPLR 3126 is within the broad discretion of the motion court" (Mears v Long, 149 AD3d 823, 823; see Wolf v Flowers, 122 AD3d 728). " The drastic remedy of striking a pleading is warranted where the party's failure to comply with court-ordered discovery is willful and contumacious'" (Bruno v Flip Cab Corp., 144 AD3d 852, 853, quoting Commisso v Orshan, 85 AD3d 845, 845-846). "The willful or contumacious character of a party's conduct can be inferred from the party's repeated failure to [*2]respond to demands or to comply with discovery orders" (Montemurro v Memorial Sloan-Kettering Cancer Ctr., 94 AD3d 1066, 1066) and the absence of a reasonable excuse for these failures (see Corex-SPA v Janel Group of N.Y., Inc., 156 AD3d 599, 601; Shuba v City of New York, 107 AD3d 877, 878; Dokaj v Ruxton Tower Ltd. Partnership, 91 AD3d 812, 814). " Absent an improvident exercise of discretion, the determination to impose sanctions for conduct that frustrates the purpose of the CPLR should not be disturbed'" (Corex-SPA v Janel Group of N.Y., Inc., 156 AD3d at 601, quoting Lotardo v Lotardo, 31 AD3d 504, 505).
Here, the willful and contumacious character of the plaintiff's conduct can be inferred, initially, from his inadequate verified bill of particulars and response to the notice for discovery and inspection, both served nearly one year after service of the demand for a verified bill of particulars and the notice for discovery and inspection. Thereafter, the plaintiff failed to comply with the Supreme Court's directive at the January 8, 2016, conference to produce any outstanding discovery within 30 days, and this failure to comply was followed by further noncompliance after the February 24, 2016, conference. Moreover, the plaintiff failed to respond in any manner to the other discovery demands.
Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the defendant's motion which was pursuant to CPLR 3126 to dismiss the complaint (see Corex-SPA v Janel Group of N.Y., Inc., 156 AD3d at 601-602; Bruno v Flip Cab Corp., 144 AD3d at 853-854; Wolf v Flowers, 122 AD3d at 729; Shuba v City of New York, 107 AD3d at 878-879; Dokaj v Ruxton Tower Ltd. Partnership, 91 AD3d at 814).
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court