Rosenblatt v Franklin Hosp. Med. Ctr. (2018 NY Slip Op 06781)





Rosenblatt v Franklin Hosp. Med. Ctr.


2018 NY Slip Op 06781


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2017-00083
 (Index No. 276/09)

[*1]Lois M. Rosenblatt, etc., et al., appellants,
v
Franklin Hospital Medical Center, respondent.


Annette G. Hasapidis, South Salem, NY, for appellants.
Heidell, Pittoni, Murphy & Bach, LLP, White Plains, NY (Daniel S. Ratner and Daryl Paxson of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered November 14, 2016. The order granted the defendant's motion pursuant to CPLR 3126 to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In 2007, the plaintiff Angelica Pattishaw brought her grandson, for whom she served as legal guardian, to the emergency room of the defendant, Franklin Hospital Medical Center. The child was discharged the same day and died at home five days later. In 2009, the plaintiffs commenced this action, inter alia, to recover damages for medical malpractice. In 2015, the defendant served a demand to prosecute pursuant to CPLR 3216, and the plaintiffs moved to extend their time to file a note of issue. In an order dated April 6, 2016, the Supreme Court granted the plaintiffs' motion and directed, among other things, that Pattishaw appear for a deposition on or before May 27, 2016. Pattishaw did not appear on or before that date, and on or about July 21, 2016, the defendant moved pursuant to CPLR 3126 to dismiss the complaint. The court granted the motion, and the plaintiffs appeal.
Pursuant to CPLR 3126, "[i]f a party refuses to obey an order for disclosure or willfully fails to disclose information, the court may dismiss the action" (Corex-SPA v Janel Group of N.Y., Inc., 156 AD3d 599, 601; see CPLR 3126[3]). Since public policy strongly favors the resolution of actions on the merits, the remedy of dismissal is "only warranted where there has been a clear showing that the failure to comply with discovery demands was willful and contumacious" (Arpino v F.J.F. & Sons Elec. Co., Inc., 102 AD3d 201, 210; see Corex-SPA v Janel Group of N.Y., Inc., 156 AD3d at 601). "The willful or contumacious character of a party's conduct can be inferred from the party's repeated failure to respond to demands or to comply with discovery orders" (Flynn v City of New York, 101 AD3d 803, 805; see Montemurro v Memorial Sloan-Kettering Cancer Ctr., 94 AD3d 1066).
Here, the plaintiffs' willful and contumacious conduct can be inferred from their [*2]repeated failures—over an extended period of time and without an adequate excuse—to produce a supplemental bill of particulars and HIPAA-compliant authorizations and to schedule Pattishaw's deposition, including before the April 6, 2016, order and up until the defendant moved to dismiss the complaint at the end of July 2016. Under these circumstances, the Supreme Court did not improvidently exercise its discretion in determining that the penalty of dismissal was warranted (see Brandenburg v County of Rockland Sewer Dist. #1, State of N.Y., 127 AD3d 680; Flynn v City of New York, 101 AD3d at 805; Montemurro v Memorial Sloan-Kettering Cancer Ctr., 94 AD3d at 1066; Quinones v Long Is. Jewish Med. Ctr., 90 AD3d 632, 633).
MASTRO, J.P., CHAMBERS, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court