Morson v 5899 Realty, LLC (2019 NY Slip Op 02702)





Morson v 5899 Realty, LLC


2019 NY Slip Op 02702


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX, JJ.


2017-08523
 (Index No. 517/11)

[*1]Marilyn Morson, respondent, 
v
5899 Realty, LLC, et al., appellants.


Nicoletti Gonson Spinner LLP, New York, NY (Benjamin N. Gonson and Jason Gomes of counsel), for appellants.
Daniel H. Gilberg, New York, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 22, 2017. The order denied the defendants' motion pursuant to CPLR 3104(d) to vacate so much of an order of the same court (Martin Schneier, J.H.O.) dated March 29, 2017, as granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to preclude the defendants from offering testimony at trial regarding their defenses to the extent of precluding the defendants from offering testimony at trial regarding any defense concerning actual or constructive notice.
ORDERED that the order dated June 22, 2017, is affirmed, with costs.
The plaintiff commenced this action against the defendants to recover damages for personal injuries that she allegedly sustained when the ceiling of the bathroom in her apartment collapsed and struck her. According to the defendants, the plaintiff was a tenant in an apartment building that was owned by the defendant 5899 Realty, LLC (hereinafter 5899 Realty), at the time of the alleged incident. Additionally, according to the defendants, the defendants Lenox Realty Corp. and Malt Realty, LLC, were former owners of the apartment building, the defendant Dira Realty, LLC (hereinafter Dira), was a payroll processing agent, and the defendant 245 Lenox, LLC, had no connection to the apartment building. The plaintiff alleged that the defendants had actual and constructive notice of the allegedly defective and dangerous condition of the ceiling through prior notices and violations issued to 5899 Realty by the New York City Department of Housing Preservation and Development, and through complaints that the plaintiff made to the superintendent of the apartment building, to office personnel, and during a landlord-tenant proceeding.
In a compliance conference order dated December 9, 2015, a Judicial Hearing Officer directed Dira to produce nonparty Joseph Popack, the principal of all of the defendants, for a deposition on or before March 3, 2015. In an order entered on consent, dated June 17, 2016, the parties agreed that Dira would produce Popack for a deposition on or before August 10, 2016. After Popack did not appear for a deposition on or before August 10, 2016, the plaintiff's attorney allegedly contacted defense counsel several times in order to schedule the deposition, but was unable to do so.
In September 2016, the plaintiff moved, inter alia, pursuant to CPLR 3126 to preclude the defendants from offering testimony at trial regarding their defenses based upon their failure to produce Popack for a deposition in accordance with the court's prior orders or, alternatively, to compel the defendants to produce Popack for a deposition within 30 days or be precluded from testifying and/or offering evidence at trial regarding their defenses. The plaintiff argued that Popack was a material witness and would be able to respond to questions regarding "the named corporate entities," as well as the maintenance policies that were implemented at the apartment building. In opposition, through their attorney's affirmation, the defendants argued that Popack had "been in Israel in recent months," "had no involvement in the day-to-day management" of the apartment building, and was not a witness to any of the events surrounding the alleged collapse of the ceiling.
In an order dated February 6, 2017, the Judicial Hearing Officer, inter alia, adjourned the plaintiff's motion until March 29, 2017. In the same order, the Judicial Hearing Officer directed Popack, in the interim, to appear for a deposition on or before March 13, 2017, and stated that Popack's failure to appear for a deposition "may result in preclusion of Mr. Popack from offering any defenses for any of the defendants herein that Mr. Popack is the principal owner [of]." Thereafter, Popack failed to appear for a deposition on or before March 13, 2017. In an order dated March 29, 2017, the Judicial Hearing Officer, inter alia, granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to preclude the defendants from offering testimony at trial regarding their defenses to the extent of precluding the defendants "from offering testimony at trial as to any defense asserted by any of the defendants concerning actual and/or constructive notice of the happening of the within accident."
On April 3, 2017, the defendants moved pursuant to CPLR 3104(d) to vacate so much of the order dated March 29, 2017, as precluded them from offering testimony at trial regarding any defense concerning actual or constructive notice. In support, the defendants argued, inter alia, that the March 29, 2017, order was overbroad because the order dated February 6, 2017, indicated only that Popack may be precluded from offering testimony at trial on behalf of the defendants if he failed to appear for a deposition. The defendants further argued that Popack was not an appropriate witness because he did not have "intimate knowledge of the day-to-day maintenance, complaint and repair procedures" for the apartment building, and they asserted that Popack had not cooperated with defense counsel's requests to appear for a deposition. In opposition, the plaintiff argued that the defendants' motion pursuant to CPLR 3104(d) was untimely, and, in any event, the Judicial Hearing Officer properly precluded the defendants from presenting testimony at trial as to any defense concerning actual or constructive notice, because the defendants willfully failed to produce Popack for a deposition.
In an order dated June 22, 2017, the Supreme Court denied the defendants' motion on the grounds that Popack, who was a principal of all of the defendants, refused to be deposed, and that the motion was untimely. The defendants appeal.
Initially, contrary to the plaintiff's contention, the defendants' motion pursuant to CPLR 3104(d) was timely. Pursuant to CPLR 3104(d), a party may make a motion seeking review of a referee's order regarding discovery, and such motion "shall be . . . made in the court in which the action is pending within five days after the order is made" (see East End Labs., Inc. v Altaire Pharm., Inc., 100 AD3d 824, 825). Here, the defendants made the motion pursuant to CPLR 3104(d) on April 3, 2017, when they served the plaintiff with the motion papers (see CPLR 2211; see also Derouen v Savoy Park Owner, L.L.C., 109 AD3d 706, 706; Gazes v Bennett, 38 AD3d 287, 288). The plaintiff's attorney's conclusory and unsubstantiated denial of service lacked the factual specificity and detail required to rebut the prima facie proof of proper service set forth in the affidavit of service.
Nevertheless, we agree with the Supreme Court's determination to deny the defendants' motion to vacate so much of the order dated March 29, 2017, as precluded the defendants from offering testimony at trial regarding any defense concerning actual or constructive notice. " Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court'" (Corex-SPA [*2]v Janel Group of N.Y., Inc., 156 AD3d 599, 601, quoting Morales v Zherka, 140 AD3d 836, 836). "A court may strike a party's pleading or impose some other sanction if the party refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed'" (Household Fin. Realty Corp. of N.Y. v Cioppa, 153 AD3d 908, 910, quoting CPLR 3126; see HSBC Bank USA, N.A. v Oscar, 161 AD3d 1055, 1057). "However, [b]efore a court invokes the drastic remedy of striking a pleading, or even of precluding evidence, there must be a clear showing that the failure to comply with court-ordered discovery was willful and contumacious'" (Household Fin. Realty Corp. of N.Y. v Cioppa, 153 AD3d at 910, quoting Zakhidov v Boulevard Tenants Corp., 96 AD3d 737, 739). "The willful or contumacious character of a party's conduct can be inferred from the party's repeated failure to respond to demands or to comply with discovery orders" (Flynn v City of New York, 101 AD3d 803, 805; see Montemurro v Memorial Sloan-Kettering Cancer Ctr., 94 AD3d 1066, 1066), and the absence of a reasonable excuse for these failures (see Westervelt v Westervelt, 163 AD3d 1036, 1037).
In the order dated February 6, 2017, the Judicial Hearing Officer, in effect, directed all of the defendants, who were represented by the same counsel at that time, to produce Popack for a deposition. In light of the defendants' failure to comply with this order, we agree with the Supreme Court's conclusion that the defendants engaged in willful and contumacious conduct (see Chowdhury v Hudson Val. Limousine Serv., LLC, 162 AD3d 845, 846; Watson v 518 Pa. Hous. Dev. Fund Corp., 160 AD3d 907, 910; Estaba v Quow, 101 AD3d 940, 941). Defense counsel's assertions that Popack was out of the country and that counsel could not secure his cooperation did not amount to a reasonable excuse for the defendants' failure to produce Popack for a deposition, because defense counsel did not detail any good faith efforts that were made to secure Popack's appearance (see Almonte v Pichardo, 105 AD3d 687, 688; Riccuiti v Consumer Prod. Servs., LLC, 71 AD3d 754, 755; Carabello v Luna, 49 AD3d 679, 680; Maignan v Nahar, 37 AD3d 557). Additionally, the defendants were not excused from producing Popack as directed merely because the superintendent of the apartment building had previously been produced for a deposition, or because the defendants may have offered to produce the property manager for a deposition, particularly because the building superintendent was unable to answer several pertinent questions during his deposition. The defendants also failed to adequately demonstrate that Popack did not have any knowledge as to whether the defendants had actual or constructive notice of the alleged defective and dangerous condition of the ceiling.
BALKIN, J.P., CHAMBERS, ROMAN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court